IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MARIA RAMIREZ, | * | |
| | * | CIVIL ACTION FILE NO: |
| Plaintiff, | * | |
| v. | * | JURY DEMANDED. |
| | * | |
| AMERICA MIDWEST | * | |
| TRANSPORTATION, LLC and | * | |
| TIMOTHY D. OVERTON, | * | |
| | * | |
| Defendants. | * | |

# COMPLAINT

COMES NOW Plaintiff Maria Ramirez, files this Complaint, and shows unto the Court as follows:

## PARTIES AND JURISDICTION

1. Maria Ramirez is a resident of Tampa, Hillsborough County, Florida.

2. Defendant America Midwest Transportation, LLC (hereinafter referred to as "AMT") is a limited liability corporation (LLC) organized in the State of Minnesota, and transacting business in the State of Tennessee on the date at issue.

3. Defendant AMT can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the Complaint and Summons through its registered agent Robert M. Asbury, 5731 Lyons View Pike, Suite 206, Knoxville, TN 37919.

4. Defendant AMT is registered with U.S. Department of Transportation under DOT number 1150978

5. Defendant AMT's Motor Carrier Number is 462229.

1

6. Defendant Timothy D. Overton is a resident of the State of Minnesota, and can be served with a copy of the Complaint and Summons at 612½ Jefferson Avenue, St. Peters, MN 56082.

7. **NOT TO BE READ TO THE JURY**: The State of Tennessee, who may be served with process through the Attorney General of the State of Tennessee: The Honorable Herbert Slattery, III, Office of the Tennessee Attorney General, John Sevier Building, 500 Charlotte Avenue, Nashville TN 37243, is included as a statute is declared to be unconstitutional.

## JURISDICTION AND VENUE

8. All preceding statements of Plaintiff's Complaint are incorporated herein and Re-alleged as if expressly set forth herein. Upon information and belief:

9. Jurisdiction is proper under 28 U.S.C. § 1332 as complete diversity between the parties exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is proper pursuant to 28 U.S.C. §1391(a) because the accident giving rise to this action occurred in Marion County, Tennessee.

## STATEMENT OF FACTS

11. All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein. Upon information and belief:

12. Defendant AMT is an interstate common carrier based out of Minnesota.

13. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both Defendant AMT and Defendant Overton were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

14. Upon information and belief, Defendant AMT is the owner of the tractor-trailer operated by Defendant Overton based out of Minnesota.

15. Upon information and belief, at the time of the collision, Defendant Overton was an employee and/or agent of Defendant AMT.

16. Upon information and belief, at all times relevant hereto, Defendant Overton was a truck driver for Defendant AMT and was acting within the scope and course of the business of Defendant AMT.

17. Upon information and belief, on or about July 14, 2018, Defendant Overton was driving a tractor-trailer owned by Defendant AMT westbound on Interstate 24 in Marion County, Tennessee.

18. Defendant AMT had a duty to maintain the tractor-trailer to insure the safety of citizens on the roads, interstates, and highways.

19. Defendant AMT had a duty to properly hire qualified tractor-trailer drivers to insure the safety of citizens on the roads, interstates, and highways.

20. Defendant AMT had a duty to properly train its tractor-trailer drivers to insure the safety of citizens on the roads, interstates, and highways.

21. Defendant Overton had a duty to inspect the tractor-trailer before driving it to insure the safety of citizens on the roads, interstates, and highways.

22. Defendant Overton had a duty to give full attention to the traffic around him to insure the safety of citizens on the roads, interstates, and highways.

23. Defendant Overton had a duty to operate his tractor-trailer with the same care as similarly situated tractor-trailer drivers.

24. Defendant Overton was traveling westbound in the left hand lane on Interstate 24

3

in Marion County, Tennessee.

26. At the same time and place, Ms. Ramirez, driving a 2018 Nissan Altima, was traveling westbound in the right lane on Interstate 24 in Marion County, Tennessee.

26. Defendant Overton, failed to maintain his lane of travel, entered the lane occupied by Ms. Ramirez, striking Ms. Ramirez's vehicle on the back driver's side.

27. The impact of this collision caused Ms. Ramirez's vehicle to spin and hit the guard rail on the side of the Interstate.

28. Ms. Ramirez bears zero percent (0%) fault for this wreck.

29. Ms. Ramirez did not cause or contribute to this wreck.

30. Ms. Ramirez did not fail to act in any reasonable, prudent manner.

31. Ms. Ramirez was seriously injured as a result of the collision.

32. The actions or inactions of Defendant Overton were negligent and combined with the actions or inactions of other defendants resulted in and proximately caused the injuries to Ms. Ramirez.

## COUNT I
## NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

33. All preceding statements and allegations of Plaintiff's Complaint are incorporated and re-alleged as if expressly set forth herein. Upon information and belief:

34. Defendant AMT was negligent in hiring and/or contracting with Defendant Overton to drive the tractor-trailer at issue.

35. Defendant AMT was negligent in training of Defendant Overton in the inspection of the tractor-trailer.

4

36. Defendant AMT was negligent in failing to teach Defendant Overton to properly drive the tractor-trailer.

37. Defendant AMT was negligent in entrusting Defendant Overton to drive a tractor-trailer professionally.

38. Defendant AMT was negligent in retaining Defendant Overton to drive the tractor-trailer at issue.

39. Defendant AMT failed to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Overton.

40. Defendant AMT was negligent in their failure to exercise ordinary care to determine their employees' agents', and contractors' fitness for the task of driving a commercial vehicle interstate.

41. Defendant AMT was negligent in their failure to properly maintain the tractor-trailer involved in the collision.

42. Defendant AMT failed to set a safety procedure to ensure Defendant Overton complied with the dictates of the FMCSA.

43. Defendant AMT had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonable safe, and negligently failed to do so.

44. The negligence of Defendant AMT was proximate cause of the injuries sustained by Ms. Ramirez.

45. As a result of Defendant AMT's negligence Ms. Ramirez suffered serious injuries affecting her activities of normal daily living.

46. Defendant AMT's action and inaction constituted negligence and/or combined and concurring with the negligence of the other defendants, resulted in and proximately caused injuries to Ms. Ramirez.

**COUNT II**
**NEGLIGENCE OF DEFENDANT OVERTON**

47. All preceding statement and allegations of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein. Upon information and belief:

48. Drivers upon the roads of Tennessee are charged with a duty to drive as a reasonable or ordinary person would drive.

49. The laws in the State of Tennessee have been established and define the minimum standard of how an ordinary and reasonable person should operate the vehicle.

50. When conditions are present, such as driving a tractor-trailer which weights as much as 80,000 (eighty thousand) pounds and possess a greater risk to the public, a higher degree of care is required to be exercised by the operator. *See Hickman v. Jordan*, 87 S.W.3d 496, 499 (Tenn. Ct. App. 2001).

51. The tractor-trailer driven by Defendant Overton was driven with the permission and at the direction of Defendant AMT.

52. Upon information and belief, the tractor-trailer driven by Defendant Overton was driven in the course and scope of his employment with the business of Defendant AMT.

53. Regardless of the employment relationship, Defendant AMT is the registered owner of Motor Carrier Number 462229 displayed on the tractor involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

54. At the time and place of this collision, Defendant Overton was generally negligent under the circumstances then and there existing in that he violated the minimum standard of care when he:

    a. Failed to keep his vehicle under control;

    b. Failed to keep a proper lookout;

    c. Failed to maintain his lane;

    d. Failed to operate his vehicle in a sage and prudent manner in view of the conditions which existed at the time of the collision;

    e. Operated his vehicle at an excessive speed;

    f. Failing to inspect his vehicle in a manner considerate of the safety and lives of other persons lawfully on the road; and

    g. Drove in a reckless manner.

55. Defendant Overton's negligence directly and proximately caused the collision with Ms. Ramirez's vehicle.

56. Defendant Overton's negligence directly and proximately caused the injuries suffered by Ms. Ramirez.

57. The injuries suffered by Ms. Ramirez are the type that are foreseeable consequences of a negligent act.

## COUNT III
## NEGLIGENCE *PER SE*

58. All preceding statements and allegations of Plaintiff's Complaint are incorporated and re-alleged as if expressly set forth herein. Upon information and belief:

59. At the time and place if this crash, Defendant Overton was negligent *per se* in that he was violating one or more of the statutes of the State of Tennessee; to include but not limited to:

    a. T.C.A §55-8-136 Drivers to Exercise Due Care;

    b. T.C.A §55-9-204 Brakes;

    c. T.C.A §55-8-124 Following Too Closely;

    d. T.C.A §55-8-123 Failure to Maintain Lane; and

    e. T.C.A §55-10-205 Reckless Driving.

60. The Tennessee statutes were created to protect drivers of Tennessee roadways.

61. Ms. Ramirez is a member of the class the Tennessee Legislature intended to protect.

62. Defendant AMT and Defendant Overton were subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A §§ 65-2-102 and 65-15-113, at the time and date of the collision.

63. Defendant AMT and Defendant Overton will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

64. Defendant AMT and Defendant Overton violated the following FMCSA violations:

    a. 49 CFR 383 (Commercial Driver's License Standards);

    b. 49 CFR Part 390 (General);

    c. 49 CFR Part 390.11 (Duty of Carrier to Make Sure Driver Follows the Rules);

    d. 49 CFR Part 392 (Operations of Commercial Motor Vehicle);

  e. 49 CFR Part 393 (Parts and Accessories Necessary for Safe Operation);

  f. 49 CFR Part 395 (Hours of Service); and

  g. 49 CFR Part 396 (Inspection, Repair, and Maintenance).

65. The FMCSR was created to eliminate crashes protection drivers on U.S. roadways.

66. Ms. Ramirez is within the group of individuals sought to be protected by the FMCSR.

67. As a direct and proximate cause of the violations of the above statutes, Ms. Ramirez was injured.

68. Ms. Ramirez's injuries are the type of injuries that are the foreseeable consequence of the violations of the above referenced statutes.

## COUNT IV
### *RESPONDEAT SUPERIOR*

69. All preceding statements and allegations of Plaintiff's Complaint are incorporated and re-alleged as if expressly set forth herein. Upon information and belief:

70. At all times relevant hereto, Defendant AMT was acting by and through its employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior,* agency, or similar theory of law.

## COUNT V
### DAMAGES

71. All preceding statements and allegations of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein. Upon information and belief:

72. As a direct and proximate result of the Defendants' negligence, Ms. Ramirez was made to suffer economic and non-economic damages to the extent allowed by the law for restitution to take place.

73. The damages suffered by Ms. Ramirez fall within the foreseeable range of harms that result from the Defendants' negligence.

74. Based on reasonable information and belief, it is believed that Ms. Ramirez's injuries are permanent in nature.

75. Ms. Ramirez's injuries are such that they are foreseeable consequences of the actions of Defendants' negligence.

76. Ms. Ramirez has suffered economic and non-economic losses as may be shown at the hearing of this matter and to the full extent allowed by the law, she is due restitution.

77. As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton, and reckless manner which either alone, or combined and concurring with the actions of the other defendants acts of negligence, directly and proximately caused the collision and Ms. Ramirez's injuries.

78. Defendants knowingly, intentionally, recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations.

79. Defendants' conduct constituted a conscious disregard for the life and safety of Ms. Ramirez and for the lives and safety of the motoring public generally, and these Defendants are therefore liable, to Ms. Ramirez for exemplary or punitive damages.

### **NOT TO BE READ TO THE JURY**
### **COUNT VI – DECLARATION OF UNCONSTITUTIONALITY**

80. All preceding statement and allegations of Plaintiff's Complaint are incorporated and re-alleged as if expressly set forth herein.

81. Ms. Ramirez seeks a judicial determination of her legal rights with respect to T.C.A § 29-39-102, as well as a judicial determination that T.C.A § 29-39-102 violates the Tennessee Constitution, pursuant to Tennessee's Declaratory Judgments Act, T.C.A § 29-14-102.

82. Ms. Ramirez has alleged injuries compensable only through non-economic damages, which, based upon severity, experience before the Tennessee courts and Tennessee juries in cases of similarly significant injuries, greatly exceed the applicable limitations on such damages under T.C.A § 29-39-102.

83. The limitation on non-economic damages codified at T.C.A § 29-39-102 violates Ms. Ramirez's fundamental and "inviolate" right to trial by jury, guaranteed by Article 1, Section 6 of the Tennessee Constitution, by supplanting the jury's determination of facts proven at a fair and proper trial, namely, appropriate compensation, and substituting a legislative determination, divorced from the facts of the case, that overrides the jury's constitutionally guaranteed determination of those facts.

84. The limitation of non-economic damages codified at T.C.A § 29-39-102 violates the separation of powers mandated by Article II, Sections 1&2 of the Tennessee Constitution by permitting the General Assembly to require judges to enter judgment at odds with a jury's fair and proper verdict and the record developed in the case, as well as arrogate to itself the judicial power to suggest remittitur, and by permitting the General Assembly to impermissibly encroach upon the adjudicative function of the judicial branch.

85. Defendants have a real interest, adverse to Ms. Ramirez's, in having the cap under T.C.A § 29-39-102 applied to limit the damages and their liability in this case.

86. Ms. Ramirez's non-economic damages (as defined in T.C.A § 29-39-101) exceed $750,000. To the extent that the jury agrees and deems it appropriate, given the facts and the law, to award non-economic damages to Ms. Ramirez in an amount in excess of $750,000, the Court may be called upon by one or more of the Defendants to reduce the jury's verdict for non-economic damages to $750,000 under T.C.A § 29-39-102.

87. Any reduction of the jury's verdict pursuant T.C.A § 29-39-102, whether sought by the Defendants or by act of the Court sua sponte or on motion would violate the following constitutional provisions: Article I, Section 6 of the Constitution of Tennessee; Article I, Section 8 of the Constitution of Tennessee; Article I, Section 17 of the Constitution of Tennessee; Article I Section 23 or the Constitution of Tennessee; Article II, Section 2 of the Constitution of Tennessee; Article VI, Section 1 of the Constitution of Tennessee; Article XI, Section 16 of the Constitution of Tennessee; the equal protection and due process guarantees afforded to Tennesseans, including Ms. Ramirez, under the Constitution of Tennessee and the Constitution of the United States of America; and the right to trial by jury secured by the Seventh Amendment to the Constitution of the United States.

88. Thus, Ms. Ramirez asks that the Court find and declare that the T.C.A § 29-39-102 violates one or more of the aforementioned constitutional provisions, is invalid as a matter of law, and can serve as no limitation whatsoever on entry of judgment for the non-economic damages and losses sustained by Ms. Ramirez, as determined by the jurors selected by the parties and empaneled by the Court in this cause.

89. Notice of this action will be mailed to the Attorney General of the State of Tennessee as required by Tenn. R. Civ. P. 24 and T.C.A § 29-14-107, notifying the State of

Tennessee Attorney General that Ms. Ramirez is challenging the constitutionality of T.C.A § 29-39-102.

90. Ms. Ramirez acknowledges that this issue is not ripe, as a judgment has not been obtained in excess of the caps (see *Clark v. Cain*, 479 S.W.3d 820, 832 (Tenn.2015)) and all matters including briefing should be stayed until post-verdict, at which time the Court should set a time for the Attorney General to intervene and schedule briefing on the merits of these issues.

91. Plaintiff reserves the right to more fully set forth the basis of the unconstitutionality of these statutes once a judgment had been entered and the issue is ripe.

**WHEREFORE,** Ms. Ramirez prays that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against Defendants;

c. That Ms. Ramirez obtain judgment for restitution of all economic and non-economic damages to which an impartial jury believes to be just, fair, and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $5,000,000 (five million) dollars;

d. For an award of punitive damages against Defendant AMT and Defendant Overton in an amount the jury believes to be just, fair, and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $5,000,000 (five million) dollars;

e. Court Cost and Discretionary Costs; and

f. For all such further and general relief which this Court deems just and proper.

           Respectfully submitted,
           **TRUCK WRECK JUSTICE, PLLC**

   **BY:** */s/ Danny R. Ellis*
           **DANNY R. ELLIS, BPR #020747**
           **MORGAN G. ADAMS, BPR #013693**
           **ATTORNEYS FOR PLAINTIFF**
           1419 Market Street

Chattanooga, TN 37402
Telephone: (423) 265-2020
Fax: (423) 265-2025

14

Case 1:19-cv-00187-PLR-SKL   Document 1   Filed 06/28/19   Page 14 of 14   PageID #: 14